**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**Nashville Division**

| | | |
|---|---|---|
| NASHVILLE STUDENT ORGANIZING COMMITTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| JUSTIN BAUTISTA-JONES, TYSHAUNDA BLANCHE, JARRETT HARPER, JAHMELIA STENSON, JUSTEN WILLIAMS-REED, COURTNEY KIRKSEY-WARREN, BREONNA FRIERSON, MAKAYLA SPENCER, KREE KELLY, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) | Civil Action No. _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRE HARGETT, in his official capacity as Tennessee Secretary of State, MARK GOINS, in his official capacity as Coordinator of Elections, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Nashville Student Organizing Committee, Justin Bautista-Jones, Tyshaunda Blanche, Jarrett Harper, Jahmelia Stenson, Justen Williams-Reed, Courtney Kirksey-Warren, Breonna Frierson, Makayla Spencer, and Kree Kelly seek declaratory and injunctive relief and allege as follows:

1

## NATURE OF ACTION

1. This action is brought under 42 U.S.C. § 1983 against Defendants' unlawful deprivation of Plaintiffs' rights under the Fourteenth and Twenty-Sixth Amendments to the United States Constitution and the laws of the United States.

2. Plaintiffs are young college students who want to register and vote in Tennessee, where they reside and attend school, as is their constitutional right. *Symm v. United States*, 439 U.S. 1105 (1979), *summarily aff'g United States v. Texas*, 445 F. Supp. 1245, 1256 (S.D. Tex. 1978). Tennessee's strict voter ID law, Tenn. Code Ann. § 2-7-112, which requires in-person voters to present one of a limited number of photo IDs, intentionally discriminates against out-of-state college and university students, and has the purpose and effect of denying and abridging the right to vote on account of age. The voter ID law expressly singles out student ID cards for exclusion and was amended to exclude out-of-state ID cards, which are widely held by students who move to Tennessee to attend college or university and which, on information and belief, are the most common form of ID that Tennessee college and university students present to campus ID card offices when they matriculate and request a student ID card. The law was also amended to exclude local photo ID cards such as public library photo ID cards, which students could have more easily obtained than Identification (ID Only) Licenses issued by the Tennessee Department of Safety and Homeland Security.

3. Tennessee's voter ID law also discriminates between current and retired faculty and employee ID cards issued by public postsecondary educational institutions, which are accepted at the polls, and nearly identical public college and university student ID cards, without any rational basis for the differential treatment. Furthermore, Tennessee's voter ID law compounds this flagrant and irrational age discrimination by exempting absentee voting. Absentee voting is by

2

excuse only in Tennessee, and a college student may vote absentee if he or she will be absent from the county of registration to attend school. This excuse is therefore only available to in-state college students if they vote at their prior address, not on campus, but it is unavailable to out-of-state students. By contrast, any adult voter at least 60 years of age may vote absentee.

4. At every step of the voter ID law's evolution, Tennessee state legislators have purposely fenced out college and university students, especially targeting out-of-state students, rejecting multiple bills that would have added student ID cards to the voter ID list. Repeated attempts in 2011, 2012, 2013 and 2014 to add student ID cards to the voter ID list have all been rejected. In 2012, the same year the voter ID law was implemented and multiple bills to add student ID cards were rejected, the threshold for voting absentee based on one's age was lowered from age 65 to 60 to cover voters aged 60 to 64 who only possess non-photo driver's licenses and would have otherwise been disenfranchised. Also in 2012, the Tennessee General Assembly passed a law to allow retired state employees to keep their ID cards and use them to vote. State legislators are on record suggesting that out-of-state students cannot vote in Tennessee, which is contrary to the Supreme Court's precedent in *Symm* and Tennessee state law. Tenn. Code Ann. § 2-2-122. They have invoked this erroneous proposition to defend the exclusion of student ID cards, as well as unsubstantiated assertions about counterfeit student ID cards and inaccurate statements regarding what listed forms of voter ID actually bear and establish. Other legislators have acknowledged that colleges and universities have rigorous procedures for verifying the identity of their enrolled students and that student ID cards have sound security features because they control building access and are linked to private bank accounts. Nonetheless, the Tennessee General Assembly has repeatedly refused to accept student ID cards as voter ID in an effort to suppress student voting.

3

5.   This suit seeks a declaratory judgment that Tennessee's voter ID law violates the Fourteenth Amendment and the Twenty-Sixth Amendment to the United States Constitution and the laws of the United States, and an injunction requiring the Tennessee Secretary of State, for purposes of in-person voting under Tenn. Code Ann. § 2-7-112(a)(1), to accept student ID cards issued by any accredited postsecondary educational institution in Tennessee, including but not limited to the University of Tennessee system schools, Tennessee Board of Regents universities, Tennessee Board of Regents community colleges, private colleges (all 34 members of the Tennessee Independent Colleges and Universities Association (TICUA)), and any technical or vocational colleges.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1357; 42 U.S.C. §§ 1983 and 1988; and 52 U.S.C. § 10310.

7.   This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

8.   This Court has personal jurisdiction over Defendant Tre Hargett, the Tennessee Secretary of State, and Defendant Mark Goins, the Coordinator of Elections, who are both sued in their official capacities. Secretary Hargett is a state official in Tennessee, and Coordinator Goins is an appointee.  Both Defendants reside in Tennessee and work in Nashville.

9.   Venue is appropriate in the Middle District of Tennessee, Nashville Division under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to these claims occurred and continue to occur in this district and in this division.  Additionally, Defendant Secretary Hargett and Defendant Coordinator Goins are state officials working in Nashville, Tennessee. Therefore, venue is also proper under 28 U.S.C. § 1391(b)(1).

4

## PARTIES

10.    Plaintiff Nashville Student Organizing Committee ("NSOC") is a non-profit corporation in the State of Tennessee.  NSOC is a social justice organization run by college and university students from Nashville-area public and private colleges and universities, including Fisk University, Tennessee State University, Middle Tennessee State University, Belmont University, and Rhodes College.  NSOC advocates for social justice and civil rights, including the right to vote.  NSOC has opposed the adoption of the Tennessee voter ID law, and in particular the exclusion of student IDs from the list of accepted voter IDs.  It has engaged in education efforts on the law and advanced bills in the Tennessee General Assembly to add student IDs to the list of accepted voter IDs or repeal the voter ID law entirely.  Members of NSOC are prevented from voting or have had their right to vote abridged by Tennessee's voter ID law, including but not limited to Plaintiffs Justin Bautista-Jones, Tyshaunda Blanche, Jarrett Harper, Jahmelia Stenson, Justen Williams-Reed, Breonna Frierson, and Courtney Kirksey-Warren.

11.    Plaintiff Justin Bautista-Jones is 19 years old and a current sophomore at Fisk University, a private college in Nashville, Tennessee and the oldest historically black college or university (HBCU) in the United States.  A resident of Nashville, Tennessee, Justin, the current Chairman of Plaintiff NSOC, is registered to vote in Tennessee and wants to vote in federal, state, and local elections in Tennessee.  However, he does not possess any of the accepted forms of voter ID under Tennessee's voter ID law.  Justin only possesses a Fisk student ID card and a California state ID card.

12.    Plaintiff Tyshaunda Blanche is a current sophomore at Fisk University, 19 years old, a resident of Nashville, Tennessee, and eligible to vote.  Tyshaunda has submitted a voter

5

registration application to the Davidson County Election Commission and wants to vote in federal, state, and local elections in Tennessee. However, she does not possess any of the accepted forms of voter ID under Tennessee's voter ID law. Tyshaunda only possesses a Fisk student ID card and an Illinois state ID card.

13. Plaintiff Jarrett Harper is a current junior at Fisk University, 30 years old, a resident of Nashville, Tennessee, and eligible to vote. Jarrett has submitted a voter registration application to the Davidson County Election Commission and wants to vote in federal, state, and local elections in Tennessee. However, he does not possess any of the accepted forms of voter ID under Tennessee's voter ID law. Jarrett only possesses a Fisk student ID card and a California state ID card.

14. Plaintiff Jahmelia Stenson is a current sophomore at Fisk University, 19 years old, a resident of Nashville, Tennessee, and eligible to vote. Jahmelia has submitted a voter registration application to the Davidson County Election Commission and wants to vote in federal, state, and local elections in Tennessee. However, she does not possess any of the accepted forms of voter ID under Tennessee's voter ID law. Jahmelia only possesses a Fisk student ID card and a California state ID card.

15. Plaintiff Justen Williams-Reed is a current freshman at Fisk University, 19 years old, a resident of Nashville, Tennessee, and eligible to vote. Justen has submitted a voter registration application to the Davidson County Election Commission and wants to vote in federal, state, and local elections in Tennessee. However, he does not possess any of the accepted forms of voter ID under Tennessee's voter ID law. Justen only possesses a Fisk student ID card and a California driver's license.

16. Plaintiff Courtney Kirksey-Warren is a current freshman at Fisk University, 19 years old, a resident of Nashville, Tennessee, and eligible to vote. Courtney has submitted a voter registration application to the Davidson County Election Commission and wants to vote in federal, state, and local elections in Tennessee. However, she does not possess any of the accepted forms of voter ID under Tennessee's voter ID law. Courtney only possesses a Fisk student ID card and an Ohio state ID card.

17. Plaintiff Breonna Frierson is a current sophomore at Fisk University, 19 years old, a resident of Nashville, Tennessee, and eligible to vote. Breonna has submitted a voter registration application to the Davidson County Election Commission and wants to vote in federal, state, and local elections in Tennessee. However, she does not possess any of the accepted forms of voter ID under Tennessee's voter ID law. Breonna only possesses a Fisk student ID card and a California state ID card.

18. Plaintiff Makayla Spencer is a current freshman at Tennessee State University, 18 years old, a resident of Nashville, Tennessee, and eligible to vote. Makayla has submitted a voter registration application to the Davidson County Election Commission and wants to vote in federal, state, and local elections in Tennessee. However, she does not possess any of the accepted forms of voter ID under Tennessee's voter ID law. Makayla only possesses a Tennessee State University student ID card and a Michigan driver's license.

19. Plaintiff Kree Kelly is a current freshman at Tennessee State University, 19 years old, a resident of Nashville, Tennessee, and eligible to vote. Kree has submitted a voter registration application to the Davidson County Election Commission and wants to vote in federal, state, and local elections in Tennessee. However, she does not possess any of the

accepted forms of voter ID under Tennessee's voter ID law.  Kree only possesses a Tennessee State University student ID card and a California state ID card.

20.  Defendant Tre Hargett is the Secretary of State for the State of Tennessee and is sued in his official capacity.

21.  Defendant Mark Goins is the Coordinator of Elections for the Office of the Tennessee Secretary of State's Division of Elections and is sued in his official capacity.

## FACTUAL ALLEGATIONS

### A.  History of Tennessee's Strict Voter ID Law

22.  Tennessee's strict voter ID law was passed as SB 16 in 2011.  Initially, the bill as introduced by Senator Bill Ketron and passed in the Tennessee Senate embraced some student ID cards as an accepted form of voter ID, since student ID cards issued by public colleges and universities would have qualified as IDs issued by the Tennessee state government.  In the Tennessee House of Representatives, however, the companion bill HB 7 was amended to expressly exclude student ID cards from the voter ID list: "An identification issued to a student by an institution of higher education containing a photograph of a student shall not be evidence of identification for purpose of verifying the person's identification on the application for ballot[.]"  Tenn. Code Ann. § 2-7-112(c)(2)(B).  House State and Local Government Committee members objected to including student ID cards, arguing that student ID cards can be counterfeited and cannot be readily authenticated, without offering any evidence that student ID cards are more vulnerable than other forms of accepted voter ID.  A separate bill HB 1727 and its companion bill SB 1381 were introduced to add student ID cards to the list of accepted voter IDs, but House members raised the same objections and the bill failed.

23.  The House State and Local Government Committee also sought to amend the bill to exempt voters aged 65 or older from the ID requirement, and only abandoned the amendment following the Committee counsel's advice that this arbitrary exemption was unconstitutional.  A similar amendment was raised and defeated on the Senate floor.  Sen. Ketron argued it would be unconstitutional and, in any event, these senior voters were "covered" by the absentee voting law allowing voters aged 65 or older to cast a ballot solely based on their age.

24.  When the amended bill returned to the Senate, some Senators raised objections to the exclusion of student ID cards, but the Senate ultimately concurred by a vote of 18 to 14. Governor Bill Haslam signed the bill, and the strict voter ID law went into effect on January 1, 2012.

25.  The 2011 version of the voter ID law exempted absentee voting, which Senator Ketron noted on the Senate floor before reciting each of the specific excuses permissible for absentee voting.  Sen. Ketron also emphasized that the signatures on absentee ballots are verified.  The 2011 version of the ID law permitted the  use of only the following photo IDs for in-person voting:

- A Tennessee driver license;

- "Except as provided in subdivision (c)(2)(B), a valid identification card issued by a branch, department, agency or entity of this state, any other state, or the United States authorized by law to issue personal identification; provided, that such identification card contains a photograph of the voter;"

  - except that "(B) [a]n identification card issued to a student by an institution of higher education containing a photograph of a student shall

not be evidence of identification for purposes of verifying the person's identification on the application for ballot;"

- A free photo ID card issued by the Department of Safety and Homeland Security for identification purposes only pursuant to Tenn. Code Ann. § 55-50-336;

- A valid U.S. passport;

- "A valid employee photo identification card issued by a branch, department, agency or entity of this state, any other state, or the United States authorized by law to issue employee identification; provided, that such identification card contains a photograph of the voter;" and

- A valid U.S. military ID card with a photo.

Tenn. Code Ann. § 2-7-112(c) (2011).

26.  Prior to this enactment, Tennessee accepted a broad list of IDs which were only used to verify the voter's signature: "For purposes of comparing the person's signature on the application for ballot, 'evidence of identification' shall be a valid voter's registration certificate, Tennessee driver license, social security card, credit card bearing the applicant's signature or other document bearing the applicant's signature." Tenn. Code Ann. § 2-7-112(c) (2010).

27.  In 2012, the Tennessee General Assembly passed SB 3195 which authorized the state government to place a sticker on retired employees' ID cards, giving them indefinite validity: "The state shall allow an employee upon retirement to keep such employee's employee photo identification card issued by the state. A sticker or other designation shall be placed on the employee photo identification card to indicate that the employee is retired." Tenn. Code Ann. § 8-50-118.   The same bill amended Tennessee's voter ID law to permit "[a]n employee identification card for retired state employees authorized pursuant to § 8-50-118." Tenn. Code

Ann. § 2-7-112(c)(7) (2012).  The bill received a unanimous vote in the Senate and passed the House by a vote of 90 to 3.  On information and belief, IDs issued pursuant to this provision include IDs issued to retired public college and university faculty and employees, and retirees are typically older.

28.  Even though an exemption from the ID requirement for senior citizens had already been deemed unconstitutional by the General Assembly's attorneys and defeated in 2011, bills to the same effect were re-introduced in 2012 and all failed.  The assessment of the bills' unconstitutionality was reiterated, and HB 2190 (companion bill SB 2366) and HB 2063 (companion bill SB 1828) failed in the House State and Local Government Committee and Subcommittee, respectively.  HB 3753 (companion bill SB 3089) sought to exempt all voters at least 60 years of age, but it was taken off notice in the House State and Local Government Subcommittee.

29.  Bills to add student ID cards to the list of accepted voter IDs were defeated in 2012. HB 2242 (companion bill SB 2379), which embraced all Tennessee student ID cards issued by higher education institutions, was rejected.  Representative Curry Todd reiterated the argument that student ID cards are "abused" and can be "duplicated online" and that students use them to "get into nightclubs and other things."  On information and belief, most – if not all – college and university ID cards issued by postsecondary educational institutions in Tennessee do not contain birthdates or the student's age.  Subsequently, HB 2730 (companion bill SB 2447), which only embraced public college and university student ID cards, was considered.  Representative Mike Turner noted that the Indiana voter ID law, the model for the Tennessee law, lets students at public colleges and universities vote with their student ID cards.  The sponsor Representative Joe Pitts noted for both the Subcommittee and Committee that faculty ID cards issued by Tennessee

public institutions were already permitted under the existing voter ID law. The bill passed out of Subcommittee but, after more statements in the full House Committee that student ID cards are "photocopied," "made on the Internet," "misused and traded around," and "easy to pass around," it was defeated by a vote of 11 to 6.

30. While the Tennessee General Assembly was rejecting bill after bill that sought to add student ID cards to the voter ID list, it had made it easier for retirees to comply with the voter ID law and made it easier for additional older voters to vote by absentee balloting, which is exempt from the voter ID requirement. Absentee voting is by excuse only in Tennessee. Previously, a voter could automatically vote absentee with no additional excuse if he or she was at least 65 years old. That specific excuse had been in the statute since 1994. 1994 Pub. Acts, c. 859, § 2 (eff. June 1, 1994). On April 27, 2012, HB 2174 as amended, a bill to lower the age from 65 to 60 temporarily until July 1, 2017, passed the Senate unanimously and the House by a vote of 74 to 16.

31. HB 2174's sponsor Representative Debra Maggart, also the sponsor of the Tennessee House voter ID bill in 2011 (HB 007), noted on the House floor that absentee voters do not need to submit a copy of their voter ID. She further explained that HB 2174 was passed with the voter ID requirement in mind, because "there were— are some people in the system out there that did not have a photo ID….so they could use an absentee ballot." Rep. Maggart was specifically referring to non-photo driver's licenses which had previously been issued to licensees aged at least 60 years old. To align both age thresholds, SB 2267 was enacted, signed by the Governor and became law at the same time as HB 2174 in 2012. SB 2267 allowed Tennessee DMV applicants to keep their non-photo driver's license if they turned 60 years old prior to January 1, 2013. However, if they turned 60 years old on or after January 1, 2013, they would be required

12

to obtain a license with a photo. The sponsors of HB 2174 noticed that the interaction of SB 2267 with the voter ID law would create a class of voters ages 60 to 64 who only had non-photo driver's licenses but would not be able to avoid the voter ID requirement by simply voting absentee on the basis of being 65 years old or older (assuming one of the other limited excuses did not apply). The 2017 expiration of the age 60 threshold was added by the Senate, apparently on the belief that after five years' time, all the present holders of non-photo driver's licenses would have become at least 65 years old and thereby eligible to vote absentee and without photo ID even with the higher threshold. The General Assembly had deliberately acted to expand the range of older voters who could cast a ballot without presenting ID.

32. Successive challenges to Tennessee's voter ID law were filed in state and federal court. In the state court case, *City of Memphis v. Hargett* (No. M2012-02141-COA-R3-CV), the trial court found that the photo ID law did not violate the Tennessee Constitution, and that a photo ID card issued by the Memphis Public Library was not a valid ID under the law for voting purposes. The plaintiffs appealed, and in its October 25, 2012 decision, the Court of Appeals of Tennessee affirmed the ID law's constitutionality, but reversed the trial court and held that public library-issued photo ID cards could be used as voter ID consistent with the law. The statutory basis for the latter holding was the inclusion of "valid identification card[s] issued by a branch, department, agency *or entity of this state*." Tenn. Code Ann. § 2-7-112(c)(2)(A) (emphasis added). The parties cross-appealed to the Supreme Court of Tennessee and, while the case was pending before the state's highest court, the Tennessee General Assembly further amended the statute to restrict the list of accepted voter IDs.

33. As introduced in the Senate, the 2013 bill SB 125 sought to amend Tennessee's voter ID law to: (1) permit the use of student ID cards issued by public colleges and universities (*i.e.*

13

eliminate the exclusionary provision at Tenn. Code Ann. § 2-7-112(c)(2)(B)); (2) bar the use of local ID cards such as public library photo ID cards and employee ID cards issued by local government entities; and (3) prevent the use of other states' ID cards and other states' government employee ID cards. To accomplish the latter two objectives, the bill narrowed the language "a valid identification card issued by a branch, department, agency, or entity of this state, any other state, or the United States" to "a valid identification card issued by the state of Tennessee, or the United States", and correspondingly narrowed the provision on government employee ID cards. The bill also added a new subsection (g), which reads as follows: "An identification card issued by a county or municipality or entity thereof, including a public library, containing a photograph shall not be evidence of identification for purposes of verifying the person's identification on the application for ballot." Tenn. Code Ann. § 2-7-112(g).

34.    SB 125's sponsor Senator Bill Ketron acknowledged that public college and university faculty ID cards could be used as voter ID under the current law and that there were no problems in the 2012 election with faculty ID cards. Sen. Ketron also noted that public college and university student ID cards had "worked as a sufficient form of identification" and underscored the "inconsistent" treatment of faculty and student ID cards. On the Senate floor, Senator Stacey Campfield opposed including student ID cards, arguing they fail to demonstrate a voter's eligibility, are "easy to forge," and are little different from library ID cards. Senator Ferrell Haile added that "fake student IDs" are "prevalent" and that college students "have been able to get these from foreign countries." Sen. Ketron responded that student ID cards are different from library cards because "before you enroll at that university, there's quite an extensive application that has to be made" and students are "fairly well-vetted" by submitting an application with their grades, background information, birth certificates, current residency, and

14

immunization records. He also noted that lower-income students' voting rights will be protected by allowing student ID cards since they may not have driver's licenses. Ultimately, Sen. Campfield's amendment to exclude all forms of college and university ID cards, including those issued to faculty, was rejected by a vote of 20 to 10. SB 125 passed out of committee and passed the Senate.

35. In the Tennessee House, the companion bill HB 229's sponsor Representative Susan Lynn stated that the purpose of the legislation was to modify the voter ID law so that it would more closely adhere to Indiana's strict voter ID law, which the U.S. Court of Appeals for the Seventh Circuit and the U.S. Supreme Court had upheld against a facial challenge in *Crawford v. Marion County Board of Elections*, 553 U.S. 181 (2008), *aff'g* 472 F.3d 949 (7th Cir. 2007). As of this filing, Indiana's voter ID law permits the use of public college or university student ID cards for voting purposes, and only two other strict voter ID states requiring photo IDs disallow student ID cards: South Carolina and Texas. North Carolina's strict voter ID law does not allow student ID cards, but it will not take effect until 2016, and litigation against the law is pending.

36. Speaking before the House Local Government Subcommittee, Rep. Lynn also specified that the bill was intended to clarify that local photo IDs such as public library and recreational facility ID cards with photos were never intended to be accepted as voter ID. Attempting to distinguish these local IDs from student IDs which would be included, she argued that college student IDs are more secure since college administrators are extremely rigorous in their identity verification procedures for students: "When you apply to a college, boy do they run you through the ringer. You have to give…. Your parents have to give their taxes and you might have to give your taxes. Your Social Security, your driver's license. You may have to show your

15

birth certificate. They really do make sure you are who you say you are." The Local Government Subcommittee passed the bill on to the full Committee.

37. Despite the acknowledgment that student ID issuance procedures at postsecondary educational institutions in Tennessee are thorough and rigorous, the Local Government Committee adopted an amendment proposed by Representative Jeremy Durham to restore the express exclusion of student ID cards without any reasoned justification. Rep. Durham argued there were too many public colleges and universities in Tennessee to use their IDs as voter IDs, citing the need for poll workers to know which ID cards are valid, and others repeated that student ID cards could be counterfeited. In response to Representative Mike Stewart's question, Rep. Durham could not cite a single instance in which a college student had committed election fraud or used a counterfeit student ID card. After the bill was amended, Rep. Lynn explained that Committee members had expressed to her their opposition to including student ID cards and, in conferring with Senator Ketron, who drafted the bill, she learned that he had encountered the same opposition in the Senate. Sen. Ketron communicated to Rep. Lynn that he would acquiesce to an amendment to preserve the statutory exclusion of student ID cards, and Rep. Lynn followed suit.

38. On the floor of the Tennessee House, Representative G.A. Hardaway posed a question as to whether faculty and staff ID cards issued by public colleges or universities, unlike the same institutions' student ID cards, were accepted as voter ID under the current law, but it went unanswered. Rep. Hill simply reasserted that student ID cards are "too easy to duplicate, they're too easy to access, they're too easy to acquire. Some of them do not even have expiration dates on them, and that that poses a danger and a hazard to the voting process." Representative Brenda Gilmore rose to underscore that students could not use other states' drivers' licenses or

16

state ID cards to vote, thereby "eliminating another group of people from voting who previously was able to vote…" Ultimately, the bill was adopted as amended by a vote of 65 to 30.

39. The Tennessee Senate concurred in the House amendment to retain the exclusion of student IDs, once again acquiescing to the House majority's insistence that student ID cards not be accepted. Senators from both parties objected to the amendment, and Senator Doug Overbey, who serves on Maryville College's Board of Directors, rose to endorse the use of both public and private college and university ID cards for voting. However, the Senate ultimately concurred in the House amendment by a vote of 23 to 7, and the bill was signed into law by Governor Haslam on April 23, 2013. The General Assembly had once again barred student IDs and now excluded out-of-state ID cards, intentionally discriminating against college and university students in the state, and in particular out-of-state students enrolled at a school in Tennessee.

40. Also in 2013, Senator Jim Kyle introduced SB 1082 (companion bill HB 252) to add student ID cards issued by public colleges and universities to the list of accepted voter ID. At a Senate State and Local Government Committee hearing in early 2014, Sen. Kyle noted that the majority of voter ID states permit student IDs and argued that this would send a signal that the state is interested in "voter identification," not "voter suppression." However, the Committee rejected the bill 7 to 2. Even though his original 2013 bill (SB 125) had sought to include student IDs from public schools, Senator Ketron voted "No."

41. On October 17, 2013, the Supreme Court of Tennessee issued its opinion in *City of Memphis v. Hargett*, affirming the constitutionality of the Tennessee voter ID law and noted the public library card issue was moot given the intervening enactment of legislation excluding local photo IDs.

17

42. On March 19, 2014, in the Tennessee House's Local Government Subcommittee, Representative G.A. Hardaway introduced an amendment to caption bill HB 2373 to eliminate the voter ID requirement in its entirety and substitute an affidavit of identity and signature-matching as an alternative method of identity verification. In questioning Plaintiff Justin Bautista-Jones, who testified before the Subcommittee, Representative Matthew Hill defended his opposition to including student IDs by noting that many students are from out of state, even though out-of-state students may lawfully register to vote in Tennessee. After the amendment failed, Representative Antonio Parkinson moved to amend the caption bill (and thereby the voter ID law) to allow student ID cards from public postsecondary educational institutions in Tennessee as voter ID. That too failed. Representative Larry Miller moved to roll the bill for one week, and that was also rejected.

43. The Subcommittee next voted to send the bill and any failed amendments, including the failed student ID card amendment, to the Tennessee Advisory Commission on Intergovernmental Relations (TACIR) for study. Following that vote, the more than fifty Nashville Student Organizing Committee members present, including Plaintiffs Justin Bautista-Jones, Tyshaunda Blanche, and Breonna Frierson, sang a Civil Rights Era song – "Ain't Gonna Let Nobody Turn Me Around" – in protest of the Subcommittee's actions. The Subcommittee Chair Representative Joe Carr asked that the student members of NSOC be escorted out of the room and announced a five-minute recess. In response to the students' protest which the Chair referred to as a "hijack" of the subcommittee, well before the announced five-minute recess had elapsed, and before certain committee members including Rep. Hardaway, the bill's sponsor, and Rep. Parkinson had returned from the recess, Rep. Carr stated that he detected a quorum and took a vote on a motion to reconsider sending HB 2373 to TACIR. The Committee members

18

present quickly voted and approved the motion to reconsider, so that ultimately HB 2373 and the failed student ID card amendment were not sent to TACIR. Immediately after that vote and in the absence of the bill's sponsor, Rep. Hardaway, and Rep. Parkinson, the members present voted on the bill itself and the bill was killed. These two votes – taken before key proponents of including student ID cards had returned to the committee room – were clearly intended as a punitive response to the students' civil protest.

## B.    Tennessee's Current Voter ID Law

44.    Current Tennessee law requires voters to present a photo ID when voting in person during the early voting period or on Election Day. This requirement does not apply to absentee voting, which requires voters to provide an excuse. Tenn. Code Ann. § 2-7-112(a)(1). A voter may only cast an absentee ballot if: (1) the voter will be temporarily outside the county for the early voting period and Election Day; (2) the voter and/or his/her spouse are students at a college, university, or other higher education institution outside the county; (3) the voter is on the permanent absentee list due to "sickness, hospitalization or physical disability" or a resident of a "nursing home, home for the aged or similar licensed institution"; (4) the voter is serving as a juror; (5) the voter is at least 60 years old (until July 1, 2017 when the threshold age will be raised to 65); (6) the voter is hospitalized, ill, or has a physical disability, or works as a caretaker for such a person; (7) the voter is a candidate for office in the election, an election official, or a member or employee of the election commission; or (8) if the voter will be observing a religious holiday. Tenn. Code Ann. § 2-6-201. Additionally, a voter who possesses a valid commercial driver license or a valid transportation worker identification credential and who certifies that the voter (a) will be working outside of the county or state where the voter is registered during the early voting period and on election day during all the hours the polls are open, and (b) has no

19

specific out-of-county or out-of-state location to which mail may be sent or received during such time, may complete an application to vote absentee by mail at the voter's county election commission office or complete an absentee by-mail application. *Id.*

45. Older voters are able to take advantage of more of the excuses for absentee voting and cast a ballot without showing ID. Moreover, on information and belief, absentee voting is disproportionately used by older voters in Tennessee. The only excuse that favors younger voters forces them to vote off-campus. Whereas a voter aged 60 or older (65 or older, starting July 1, 2017) may vote by absentee ballot – *i.e.* without submitting a copy of his or her photo ID – in his or her jurisdiction of registration without any additional excuse, a college student may only vote absentee without ID at his or her prior address, not in the jurisdiction that embraces his or her campus address. Effectively, this means that college and university students from out of state studying in Tennessee cannot vote by absentee ballot and therefore cannot avoid the voter ID requirement, unless they are hospitalized, have a physical disability, or will be absent for the entire early voting period and Election Day.

46. First-time voters who do not register in person at a county election commission office must vote in person the first time they cast a ballot. Tenn. Code Ann. § 2-2-115(b)(7). This law also makes it more likely that older registered voters who have voted at least once can avoid the voter ID requirement, but newer, younger student voters must vote in person and show a photo ID, unless they can travel to a county election commission office to register in person.

47. In addition to absentee voting, since it was first enacted in 2011, Tennessee's strict voter ID law has also continuously exempted: (1) hospitalized voters casting emergency ballots under the procedures outlined in Tenn. Code Ann. § 2-6-401; and (2) nursing home residents

20

who vote using the special procedures outlined in Tenn. Code Ann. § 2-6-601. Tenn. Code Ann. § 2-7-112(a)(1).

48.    By contrast, on information and belief, there are no special procedures under Tennessee law or administrative practices for facilitating college and university student voting on or off campus.

49.    The current strict voter ID law in Tennessee only permits the voter to use one of a limited number of photo IDs, including:

- a Tennessee driver license;

- a valid photo ID card issued by the State of Tennessee or the United States, <u>except</u> "[a]n identification issued to a student by an institution of higher education containing a photograph of a student shall not be evidence of identification for purpose of verifying the person's identification on the application for ballot";

- a free photo ID card issued for identification purposes only pursuant to Tenn. Code Ann. § 55-50-336;

- a valid U.S. passport;

- a valid employee photo ID card issued by the state of Tennessee or the United States;

- a valid U.S. military ID card with a photo; and

- an employee ID card for retired state employees authorized pursuant to Tenn. Code Ann. § 8-50-118.

Tenn. Code Ann. § 2-7-112(c) (2015).  The category of valid Tennessee state IDs includes faculty and employee ID cards issued by public colleges and universities, and the category of retired government employee ID cards under Tenn. Code Ann. § 8-50-118 embraces retired faculty and employee ID cards issued by public colleges and universities.

50. Out-of-state driver's licenses and ID cards, which many college and university students in Tennessee possess, cannot be used to vote under the statute as amended in 2013. Nor can any IDs issued by local jurisdictions at the county or municipal level.

51. The voter's photo ID must contain the name and photo of the individual seeking to cast a ballot at the polling place, but it need not contain the voter's residential address in Tennessee. Tenn. Code Ann. § 2-7-112. Since the photo ID is intended to confirm the voter's identity, multiple forms of accepted voter ID, including a U.S. passport, a U.S. military ID card, and a Veteran Health Identification Card issued by the U.S. Department of Veterans Affairs, do not contain any address. The voter writes the address of his or her current residence on the ballot application before signing, and then "[u]sing the computerized voter signature list or the electronic poll book," the poll worker "make[s] a determination whether the voter's address is different from the address on the voter's permanent registration record or if the registration is in inactive status." *Id*. § 2-7-112(a)(1)(A). A voter's residential address need only be verified against a document as part of the provisional ballot procedure for voters who claim to have properly registered but do not appear on the rolls. *Id*. § 2-7-112(a)(3)(A). In that situation, before being issued a provisional ballot, the voter must complete an original registration application. *Id*. The poll worker may use voter ID to confirm the voter's residential address, if it is listed on the ID, but the list of documents that can be used to verify a voter's residential address is much broader than the voter ID list: "For purposes of registering a person to vote pursuant to subdivision (a)(3), 'verification of residential address' shall include, but is not limited to, a Tennessee driver license, a residential lease agreement, a utility bill or other document bearing the applicant's residential address. Such verification may be on the same or different document from those listed in subsection (c)." *Id*. § 2-7-112(d).

22

52. The statute does not require that the valid ID be unexpired and, as of this filing, the Tennessee Secretary of State's website makes clear that both current and expired versions of the above forms of ID will be accepted for voting purposes. Some forms of military ID have no expiration date and bear the label "INDEF" for "indefinite duration."

53. A voter who does not have ID may cast a provisional ballot, but it will not be counted unless the voter returns to present evidence of identification to the county election commission by the close of business on the second business day after the election. Tenn. Code Ann. § 2-7-112(e). On information and belief, this is too short a period in which to apply for and obtain a free Identification License from the Tennessee Department of Safety and Homeland Security.

54. The only option for a student with none of the IDs on the accepted voter ID list is to apply for a free Identification (ID Only) License from the Tennessee Department of Safety and Homeland Security. To do this, a student must travel to a Department of Safety Driver's Service Center and assemble myriad documents. The application for a Tennessee Identification License requires the presentation of originals or certified copies (not photocopies) of the following: (1) proof of U.S. citizenship; (2) primary proof of identity; (3) secondary proof of identity; (4) proof of any name changes, if one's name differs from the name on the primary ID presented; (5) one or two forms of proof of Tennessee residency with your name and resident address which are current and dated within the last four months (no P.O. boxes may be used); and (6) a Social Security Number.

55. To prove his or her U.S. citizenship, the student must present an original or certified copy of his or her birth certificate, or a certificate of naturalization or citizenship. There are other items on the list, but these are the most common forms. A U.S. passport will work, but that

is already accepted as a form of voter ID. An out-of-state college or university student who lacks a certified copy of his birth certificate will have to figure out how to apply to a vital records office in his home state and/or county. That application process typically bears a fee and sometimes requires the submission of a copy of identification.

56. Beyond items that appear on the Tennessee voter ID list, the list of acceptable primary proof of identification (which must display a name and date of birth) includes: driver's licenses and state ID cards from other U.S. states or countries, an original or certified copy of a birth certificate, certificates of naturalization or citizenship, a marriage license or certificate, a federal census record, the applicant's own child's birth certificate, an adoptive decree, legal change of name (*e.g.* divorce), and any confirmation of date of birth in court of law. A copy of a court document with a copied seal or signature is not acceptable. However, a copy of a court document with an original signature or seal that is affixed to the copy is acceptable.

57. The student applicant must also present secondary proof of identification which may include: computerized check stubs, union membership cards, work IDs, financial institution documents, Social Security documents, a health insurance card, IRS or state tax forms, military records, school records, and vehicle documents.

58. To fulfill the proof-of-residency requirement, the student must present either two List A documents or one List B document. List A includes the following items: current utility bill including landline telephone, electric, water, gas, and cable but not wireless telephone bills; current bank statement (Internet bank statements are acceptable only if taken to the local bank, stamped and dated by a teller as an active account, and checks and checkbook information are not acceptable); current rental or mortgage contract or receipt including deed of sale for property; current employer verification of residence address or letter from employer as long as it is on

24

company letterhead with original signature; current paycheck or check stub, work ID or badge, if an address is included; current automobile, life or health insurance policy but not wallet cards; current driver's license or ID issued by the Tennessee Department of Safety and Homeland Security to a parent, legal guardian or spouse of the applicant; current Tennessee motor vehicle registration or title; current Tennessee voter registration; current Internal Revenue Service tax reporting W-2 form within the last 12 months; receipt for personal property or real estate taxes paid within past last year; and in case of a student enrolled in a public or private school in this state, the student may provide a photo student ID and acceptable documentation from the Dean or Bursar Office that the student lives on campus. List B includes the following items: Individual Taxpayer Identification Number (ITIN) issued by the Internal Revenue Service; Form I-94 issued to the applicant by United States Citizenship and Immigration Services; Employment Authorization card (I-766) issued to the applicant by the United States Citizenship and Immigration Service; and I-551 issued to the applicant by the United States Citizenship and Immigration Service. Student ID cards from public and private institutions are only accepted as documentary proof of residency when accompanied by further documentation from the school and only for on-campus students. Though many students actually have this document, cell phone bills are also not accepted. All items are required to be current documents within the past four months, and all IRS documents must be from the current tax year.

59. Free ID Only Licenses that can be used as voter ID are only issued at 42 Department of Safety and Homeland Security Full Service Driver Service Centers throughout Tennessee and one Express Service Center in downtown Nashville. All 43 of these centers are only open on weekdays between 8:30 a.m. and 5:00 p.m. There are no Driver Service Centers in Tennessee issuing Identification Licenses, which are open after 5:00 p.m. on weekdays or at any time on

weekends. While there are 95 counties in Tennessee, only 40 of these counties have a Driver Service Center that issues a free voter ID. On information and belief, these driver's service centers are often not easily accessible by public transportation and therefore not easily accessible by the many students, particularly out-of-state students, who do not have access to a vehicle in Tennessee. For example, University of Tennessee at Knoxville students do not have a downtown Driver's Service Center that issues ID Only Licenses; the nearest Driver Service Centers are located 10.4 miles, 14.9 miles, and 18.3 miles away from campus and are inaccessible by public transit. In Murfreesboro, there is no viable public transit option for Middle Tennessee State University students, since the bus would leave the student 2.3 miles away from the Driver Service Center. University of Memphis students can access the nearest Driver's Service Center (8 miles away) by taking a minimum of three buses in over an hour's worth of transit time one way.

60. For college and university students who lack all of the accepted forms of voter ID, the process for obtaining an Identification (ID Only) License is a severe burden on their right to vote.

### C. Tennessee College and University Student IDs

61. On information and belief, student ID cards issued by Tennessee's public colleges and universities are nearly identical to faculty and employee ID cards issued by Tennessee's public colleges and universities in all their elements, features, functionality, and security. All public college and university ID cards are issued and managed by the same ID card office and with the exact same design and template. The features are the same: name, photo, label (student/faculty/employee), ID number, name of the school, magnetic stripe, the boilerplate language on the reverse side, among other features. In at least some cases, the reverse side of a

26

Tennessee public college or university student ID card contains instructions directed to faculty and employees. These IDs are also uniform across the board in terms of the features they do not contain, such as birthdates, the student's age, addresses, signatures, and expiration dates. If a student ID card lacks these features, then faculty and employee ID cards will lack them as well.

62. On information and belief, all faculty, employees, and students must show photo ID to obtain an ID card from a public college or university in Tennessee. For college and university students who have moved to Tennessee from another state, this is typically an out-of-state driver's license or state ID card. A U.S. passport or military ID will also work, but on information and belief, these are less commonly held by undergraduates, particularly freshmen and sophomores.

63. On information and belief, in terms of functionality, all faculty, employee, and student ID cards at Tennessee's public colleges and universities allow their holders to gain access to campus buildings, computer labs, and other facilities, and to pay for items such as photocopies at the library and food in campus dining halls and cafeterias.

64. On information and belief, the only distinctions between faculty, employee, and student ID cards issued by Tennessee's public colleges and universities is that each ID is labeled differently on the front to designate the cardholder as a student, faculty member, or employee, and it may contain student-specific instructions on the reverse side of student ID cards. Additionally, if the ID cardholder is enrolled in a particular graduate school like a law school, that designation (*e.g.*, "LAW") will also appear on the ID card. In terms of verifying the identity of the cardholder or the security of the ID card, there are no material differences between public colleges and universities' current student, faculty, and employee ID cards.

27

65.  On information and belief, student ID cards issued by Tennessee's public colleges and universities are nearly identical to retired faculty and employee ID cards issued by Tennessee's public colleges and universities in all their elements, features, functionality, and security.  The only exceptions are the different labels and/or stickers on the front to designate a person as a student, retired faculty member, or retired employee, and any specific instructions on the reverse side.  Retired faculty and employee ID cards give their holders limited access to certain campus facilities such as recreational facilities.  In terms of verifying the identity of the cardholder, there are no material differences between public colleges and universities' current student ID cards and retired faculty and employee ID cards.    .

66.  On information and belief, the identity verification procedures and student, faculty, and employee ID cards used by Tennessee's private colleges and universities do not materially differ from the identity verification procedures and student, faculty, and employee ID cards used by Tennessee's public colleges and universities.   The security, elements, features, and functionality of private college or university ID cards in Tennessee and public college or university ID cards in Tennessee are equivalent in all material respects.

67.  Since all accredited postsecondary educational institutions in Tennessee issue ID cards in more or less the same way with common identity verification, ID issuance, and other protocols, and using IDs with common features, designs, security and capabilities, there is no rational basis for accepting some but not others.

68.   On information and belief, most, if not all, ID cards issued by accredited postsecondary educational institutions in Tennessee do not contain the student's date of birth, age, or address.

28

## D.      Impact of the Voter ID Law on Youth and Student Voting

69.    In 2013, Tennessee had 230,483 students enrolled in public higher education institutions, including: 90,613 students in the thirteen Tennessee Board of Regents community colleges, 90,899 students in the six Tennessee Board of Regents universities, and 48,971 students in the four University of Tennessee system schools.  In the fall of 2013, nearly 80,000 students were enrolled in Tennessee's thirty-four private colleges.

70.    There are many out-of-state students at both private and public institutions in Tennessee.  According to the 2013-2014 Tennessee Higher Education Commission Fact Book, at public institutions, 24.0 percent of University of Tennessee Medical Health Science Center students, 22.3 percent of Tennessee State University students, 17 percent of Austin Peay State University students, 15.7 percent of East Tennessee State University students, 14.2 percent of University of Tennessee at Knoxville students, 12.6 percent of University of Memphis students, 11.2 percent of Chattanooga State Community College students, 7.6 percent of University of Tennessee at Chattanooga students, 6.5 percent of Middle Tennessee State University students, 5.6 percent of Nashville State Community College students, 4.7 percent of University of Tennessee at Martin students, and 2.7 percent of Tennessee Technological University students are from out of state.  The percentage of out-of-state students is on average higher at private institutions in Tennessee.  For example, 89.6 percent of Vanderbilt's undergraduates, 67 percent of Fisk University's undergraduates, and 65 percent of Belmont University's undergraduates are from out of state.

71.    On information and belief, Tennessee's in-state postsecondary students typically have either a Tennessee driver's license or Tennessee state ID card.  Most Tennessee high school students will obtain either a Tennessee driver's license or state ID card.  Therefore, most in-state

college and university students already have an accepted form of voter ID when they enroll and will be able to vote. However, out-of-state students with other states' driver's licenses or ID cards cannot readily comply with the voter ID law and must either forego voting, vote absentee in their prior state, or undergo the arduous process of applying for an Identification License at a Driver Service Center. The voter ID law clearly favors in-state student voters over out-of-state student voters.

72. In a report issued in September 2014 about state voter identification laws, the U.S. Government Accountability Office estimated that turnout for Tennessee voters aged 18 and Tennessee voters aged 19 to 23 dropped by 4.1 percentage points and 4.0 percentage points, respectively. As age increased, the estimated impact of the law decreased: "[W]e found that in both Kansas and Tennessee, as registrants' age increased, the effects of changes in voter ID laws had decreasing effects on turnout . . ."

## CLAIMS FOR RELIEF

## <u>COUNT I</u>

**(Denial or Abridgment of the Right to Vote on Account of Age Under the Twenty-Sixth Amendment and 42 U.S.C. § 1983)**

73. The factual allegations contained in paragraphs 10 to 72 are incorporated into Count One, as though fully set forth herein.

74. Section 1 of the Twenty-Sixth Amendment to the U.S. Constitution provides as follows: "The right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or by any State on account of age."

75. The Twenty-Sixth Amendment guarantees all qualified voters at least 18 years old a substantive right to participate equally with other qualified voters in the electoral process, regardless of age.

30

76. Tennessee's strict voter ID law denies or abridges college and university students' right to vote; intentionally discriminates against out-of-state college and university students; and discriminates more broadly against younger voters, while more favorably treating older voters who possess more forms of ID and can more often take advantage of absentee voting.

77. Even if state IDs are technically available to students with no form of accepted voter ID, the process for obtaining an Identification License at a Driver's Service Center is so complex and burdensome that, at a minimum, it constitutes an abridgement of their right to vote, if not denial.

78. Tennessee's strict voter ID law expressly prevents students from using their student ID cards as voter ID. At the same time that this law was implemented, state government retirees, who tend to be older voters, were given another form of ID they could use to vote.

79. While absentee voting is exempt from the ID requirement, it is by excuse only and the excuses have been crafted to favor older voters. Out-of-state students cannot vote absentee at all, and in-state students can only vote absentee in a different county from where they are attending school. Yet senior voters have been given a blanket excuse to vote absentee based solely on their age, and an additional segment of older voters (ages 60 to 64) were brought within this exemption so that they could avoid the voter ID requirement for in-person voting.

80. Tennessee's voter ID law has the purpose and effect of discriminating against out-of-state students enrolled in a postsecondary educational institution in Tennessee. In developing the list of accepted forms of voter ID, legislators have systematically omitted or removed forms of ID widely held by out-of-state students such as student ID cards and other states' ID cards, and removed IDs that could be easily obtained by them such as public library photo ID cards, in a deliberate effort to suppress young voters' participation in elections in the state. *Symm v. United*

*States*, 439 U.S. 1105 (1979), *summarily aff'g United States v. Texas*, 445 F. Supp. 1245, 1256 (S.D. Tex. 1978). With rare exception, out-of-state students cannot vote absentee and avoid the ID requirement. Out-of-state students in Tennessee constitute a significant segment of the state's youth population and are targeted as young voters, as students, and for moving into Tennessee to attend school.

81. Current faculty or employee ID cards issued by public colleges and universities in Tennessee are accepted as voter ID, even though student ID cards issued by the same institutions which are identical in all material respects are not valid as voter ID. This discriminates against student voters on account of their age.

82. Similarly, retired faculty and employee ID cards issued by public colleges and universities in Tennessee are accepted as voter ID, even though student ID cards issued by the same institutions which are identical in all material respects are not valid as voter ID. This discriminates against student voters on account of their age.

83. There exists no rational basis – let alone a compelling interest – for treating Tennessee public college or university student ID cards differently from current or retired faculty and employee ID cards issued by the same postsecondary educational institutions.

84. Accordingly, the Tennessee voter ID law's express exclusion of student ID cards issued by accredited postsecondary educational institutions in Tennessee discriminates against college and university student voters, in particular out-of-state students, and has the purpose and effect of denying or abridging the right to vote of Tennessee voters on account of their age. This scheme is not justified by any compelling interest or even a rational basis.

85. Based on the foregoing, Defendants, acting under color of state law, have deprived and will continue to deprive Plaintiffs and members of Plaintiff Nashville Student Organizing

32

Committee of rights secured to them by the Twenty-Sixth Amendment to the United States Constitution and protected by 42 U.S.C. § 1983.

## COUNT II

### (Denial of Equal Protection to Out-of-State Postsecondary Students Under the Fourteenth Amendment and 42 U.S.C. § 1983)

86. The factual allegations contained in paragraphs 10 to 72 are incorporated into Count Two, as though fully set forth herein.

87. The Fourteenth Amendment to the U.S. Constitution guarantees equal protection. Section 1 includes the following: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

88. "Fundamentally, the Clause protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). "'Fencing out' from the franchise a sector of the population because of the way they may vote is constitutionally impermissible." *Carrington v. Rash*, 380 U.S. 89, 94 (1965).

89. Tennessee's voter ID law purposefully discriminates against out-of-state students enrolled at a postsecondary educational institution in Tennessee. Legislators passed the law and amended it with the intent to deny the franchise to out-of-state students and to erect unique and nearly insurmountable barriers to their participation in elections.

90. Tennessee's voter ID law has had a disparate impact on the voting rights of out-of-state students enrolled at a postsecondary educational institution in Tennessee, as compared to

33

in-state students who grew up and attended high school in Tennessee prior to enrolling at a postsecondary educational institution in Tennessee.

91.  Whereas in *Hunter v. Underwood*, 471 U.S. 222 (1985), the inclusion and addition of certain disenfranchising crimes in the 1901 Alabama Constitution was found to have the purpose and effect of disenfranchising African Americans in violation of the Fourteenth Amendment's Equal Protection Clause, here the exclusion and deletion of certain forms of acceptable voter ID, including other states' driver's licenses and ID cards as well as student ID cards, has the purpose and effect of disenfranchising out-of-state students attending a postsecondary educational institution in Tennessee.  Moreover, in choosing not to amend the state's absentee voting law and choosing to exempt absentee voters from the ID requirement, Tennessee state legislators again discriminated against out-of-state students who cannot typically vote absentee.  In-state students at least have an option to vote absentee at their prior address if they are attending school in a different county.

92.  Even if Identification Licenses issued by the Tennessee Department of Safety and Homeland Security are technically available to out-of-state students with no form of accepted voter ID, the process for obtaining an Identification License at a Driver Service Center is complex and severely burdensome.

93.   The exclusion of IDs commonly held by out-of-state students attending a postsecondary educational institution in Tennessee lacks a rational basis and does not serve an important regulatory interest.

94.  Out-of-state students have a constitutional right to register and vote in the state where they reside and are attending college or university, without facing different treatment from other

voters.  *Symm v. United States*, 439 U.S. 1105 (1979), *summarily aff'g United States v. Texas*, 445 F. Supp. 1245, 1256 (S.D. Tex. 1978).

95.  Based on the foregoing, Defendants, acting under color of state law, have deprived and will continue to deprive members of Plaintiffs and members of Plaintiff Nashville Student Organizing Committee of rights secured to them by the Fourteenth Amendment to the United States Constitution and protected by 42 U.S.C. § 1983.

## COUNT III

**(Denial of Equal Protection to Students at Public Postsecondary Educational Institutions Under the Fourteenth Amendment and 42 U.S.C. § 1983)**

96.  The factual allegations contained in paragraphs 10 to 72 are incorporated into Count Three, as though fully set forth herein.

97.  The Fourteenth Amendment to the U.S. Constitution guarantees equal protection. Section 1 includes the following: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

98.  The Equal Protection Clause prohibits the unequal treatment of similarly situated groups of voters.  It is "essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  "Fundamentally, the Clause protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights."  *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).  Here, similarly situated voters are treated differently without any justification, and the fundamental right to vote is not only implicated, but infringed.

35

99.  Tennessee voters who possess current faculty or employee ID cards issued by public colleges or universities in Tennessee are similarly – if not identically – situated in all material respects to Tennessee voters who possess student ID cards issued by public colleges and universities in Tennessee.

100.  Tennessee voters who possess retired faculty or employee ID cards issued by public colleges or universities in Tennessee are similarly – if not identically – situated in all material respects to Tennessee voters who possess student ID cards issued by public colleges and universities in Tennessee.

101.  There exists no rational basis for treating Tennessee public postsecondary educational institutions' student ID cards differently from nearly identical current and retired faculty and employee ID cards issued by the same institutions.  No important regulatory interest is served by this discriminatory treatment.

102.  Accordingly, the Tennessee voter ID law's express exclusion of student ID cards issued by public colleges or universities intentionally and irrationally discriminates against voters who would use public college and university student ID cards to vote in person.

103.  Based on the foregoing, Defendants, acting under color of state law, have deprived and will continue to deprive Plaintiffs Makayla Spencer, Kree Kelly and members of Plaintiff Nashville Student Organizing Committee, of equal protection under law secured to them by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and protected by 42 U.S.C. § 1983.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that this Court enter an order granting Plaintiffs the following relief:

(a) A declaratory judgment finding that Tennessee's voter ID law, Tenn. Code Ann. § 2-7-112, violates the Fourteenth Amendment and Twenty-Sixth Amendment to the United States Constitution and the laws of the United States;

(b) A permanent injunction requiring Defendant Tennessee Secretary of State Tre Hargett, his respective agents, officers, employees, successors, and all persons acting in concert with him, including but not limited to Defendant Coordinator of Elections Mark Goins, to accept student ID cards issued by any accredited postsecondary educational institution in Tennessee, including but not limited to the University of Tennessee system schools, Tennessee Board of Regents universities, Tennessee Board of Regents community colleges, private colleges, and technical or vocational colleges, as voter ID under Tenn. Code Ann. § 2-7-112;

(c) An order awarding Plaintiffs their costs, disbursements, and reasonable attorneys' fees incurred in bringing this action pursuant to 42 U.S.C. § 1988 and 52 U.S.C. § 10310; and

(d) Such other or further relief as this Court deems just and proper.

DATED: March 4, 2015

Respectfully submitted,

Douglas S. Johnston Jr.
Tennessee Bar No. 5782
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
djohnston@barrettjohnston.com
Phone: (615) 244-2202
Fax: (615) 252-3798

Jon Sherman*
D.C. Bar No. 998271

37

New York Bar No. 4697348
Fair Elections Legal Network
1825 K St. NW, Suite 450
Washington, DC 20006
jsherman@fairelectionsnetwork.com
Phone: (202) 248-5346
Fax: (202) 331-1663

*Application for admission pro hac vice
 pending*.