IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NASHVILLE STUDENT ORGANIZING COMMITTEE, et al., | ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION |
| v. | ) ) CASE NO. 3:15-cv-00210 ) |
| TRE HARGETT in his official capacity as Tennessee Secretary of State, et al., | ) JUDGE TRAUGER ) MAGISTRATE JUDGE BRYANT ) |
| Defendants. | ) ) ) ) |

SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND TO
PRODUCE DOCUMENTS, COMMUNICATIONS, ELECTRONICALLY STORED
INFORMATION, AND TANGIBLE OBJECTS/THINGS PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 30(b)(6) AND 45

To:      The University of Tennessee

**Testimony: YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the matters described below.

**Place:**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219

**Date and Time:**
Thursday August 20, 2015 at 9:30 a.m. or another mutually agreeable time in late August or early September. Plaintiffs' counsel are amenable to discussing this, since it would be the most efficient and least burdensome process for all parties, to have all the relevant University of Tennessee officers, directors, managing agents and/or other persons, including but not limited to any necessary officers, directors, managing agents, and/or other persons from the individual University of Tennessee schools, present and deposed in succession. Plaintiffs' counsel are

1

mindful that this is a busy time for campuses but need to schedule this deposition at the earliest convenient date for all parties.

The deposition will be recorded by this method: video and stenographic means.

**Deposition Matters for Examination:**

The following definitions apply to the deposition matters of examination listed below:

    A. "Any" and "all" shall mean "any and all."

    B. "Including" shall mean "including but not limited to."

    C. "And" and "or" shall mean "and/or."

    D. "Each" and "every" shall mean "each and every."

    E. "The University of Tennessee" and "UT" shall mean "the University of Tennessee and its postsecondary educational institutions, including UT-Knoxville, UT-Chattanooga, UT-Martin, and UT-Health Science Center."

Plaintiffs' counsel will depose the University of Tennessee's designated officers, directors, managing agents and/or other persons, including but not limited to any necessary officers, directors, managing agents, and/or other persons from the individual University of Tennessee schools, as to the following matters for examination:

- (1) The design, including but not limited to all visible elements, displayed information and/or data, physical features, artwork, stickers, labels, attachments, and any other elements, of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions; all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification; and any laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning these matters.

- (2) The programming, encoding, embedded parts such as microchips, functionality, capabilities, uses, and on-campus and off-campus access and privileges of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions; all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification; and any laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning these matters.

- (3) The production, including but not limited to vendor manufacturing and printing at the relevant campus office, of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions; all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification; and any laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning these matters.

- (4) The sourcing, technology, hardware, software and vendors for the design, programming, encoding, embedded parts such as microchips, functionality, capabilities, uses, production, issuance, security, and replacement of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions; the sourcing, technology, hardware, software, vendors and/or operations for all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification; and any laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning these matters.

- (5) The issuance of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions; all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification; and any laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning these matters.

- (6) The security, including but not limited to activation and deactivation of cards, campus access and privileges, any issues with unauthorized fabrication or forgery, loss and replacement, of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions; all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification; and any laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning these matters.

- (7) The renewal, reissuance and/or replacement of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions; all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification; and any laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning these matters.

- (8) The staff, offices, systems and/or organizations at the University of Tennessee and individual UT postsecondary educational institutions responsible for and/or involved with the topics identified above in (1) through (7).

**Production: YOU ARE COMMANDED** to produce at the time, date, and place set forth in this subpoena the following documents, communications, electronically stored information, and tangible objects/things, and to permit inspection, copying, testing, or sampling of the material:

The following definitions apply to the requests for production listed below:

A. "Any" and "all" shall mean "any and all."

B. "Including" shall mean "including but not limited to."

C. "And" and "or" shall mean "and/or."

D. "Each" and "every" shall mean "each and every."

E. "The University of Tennessee" and "UT" shall mean "the University of Tennessee and its postsecondary educational institutions, including UT-Knoxville, UT-Chattanooga, UT-Martin, and UT-Health Science Center."

- (1) Samples of all current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions. For each of these types of sample ID cards, the copies should be the most recent version of that type of card. If any changes are made to the most recent versions of any of the forms and/or types of photo identification in the next two years, please supplement your production in response to this request. These sample copies should not be activated nor should they contain the actual information of a real individual, but they should otherwise be identical to and contain all the same elements, features, designs, parts, information, data, identifying numbers and all other visible and embedded elements of the identification cards issued to current student, current faculty, current staff, former student (alumni), retired and/or former faculty, and retired and/or former staff and any other form and/or type of photo identification issued by a UT postsecondary educational institution.

- (2) All documents, communications and/or electronically stored information relating to and/or concerning the <u>current</u> laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning the design, including but not limited to the visible elements, displayed information and/or data, physical features, artwork, stickers, labels, attachments and any other elements, of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions, and all

4

associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification.

- (3) All documents, communications and/or electronically stored information relating to and/or concerning the <u>current</u> laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning the programming, encoding, embedded parts such as microchips, functionality, capabilities, uses and on-campus and off-campus access and privileges of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions, and all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification.

- (4) All documents, communications and/or electronically stored information relating to and/or concerning the <u>current</u> laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning the production, including but not limited to vendor manufacturing and printing at the relevant campus office, of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions, and all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification.

- (5) All documents, communications and/or electronically stored information relating to and/or concerning the <u>current</u> laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning the sourcing, technology, hardware, software and vendors for the design, programming, encoding, embedded parts such as microchips, functionality, capabilities, uses, production, issuance, security, renewal, reissuance and replacement of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions, and the sourcing, technology, hardware, software and vendors for all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification.

- (6) All documents, communications and/or electronically stored information relating to and/or concerning the <u>current</u> laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning the issuance of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions, and all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification.

- (7) All documents, communications and/or electronically stored information relating to and/or concerning the <u>current</u> laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning the security, including but not limited to activation and deactivation of cards, campus access and privileges, any issues with unauthorized fabrication or forgery, loss and replacement, of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions, and all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification.

- (8) All documents, communications and/or electronically stored information relating to and/or concerning the <u>current</u> laws, regulations, rules, policies, practices, procedures and/or technology related to and/or concerning the renewal, reissuance and/or replacement of current student, current faculty, current staff, former student (alumni), retired and/or former faculty, retired and/or former staff identification cards and any other form and/or type of photo identification issued by each of the University of Tennessee's postsecondary educational institutions, and all associated systems for human and/or technological verification, processing and/or reading of these forms and/or types of identification.

- (9) All documents, communications and/or electronically stored information relating to and/or concerning the <u>current</u> staff, offices, systems and/or organizations at the University of Tennessee and individual UT postsecondary educational institutions responsible for and/or involved with deposition matters for examination (1) through (7).

- (10) All documents, communications and/or electronically stored information – including but not limited to electronic mail – in the University of Tennessee and/or a UT institution's custody, control and/or possession created on or after January 1, 2010 and related to the Tennessee voter identification law at Tenn. Code Ann. § 2-7-112. This shall include but shall not be limited to all documents, communications and/or electronically stored information – including but not limited to electronic mail – related to and/or concerning whether or not student identification cards should be included on the list of accepted photographic voter identification under Tenn. Code Ann. § 2-7-112.

- (11) All documents, communications and/or electronically stored information – including but not limited to electronic mail – which are within the University of Tennessee and/or a UT institution's custody, control, and/or possession and were created on or after January 1, 2010, related to and/or concerning the inclusion or exclusion of private and/or public college and/or university student identification cards from the list of accepted voter identification under the Tennessee voter identification law at Tenn. Code Ann. § 2-7-112.

- (12) All documents, communications and/or electronically stored information – including but not limited to electronic mail – which are within the University of Tennessee and/or UT institution's custody, control and/or possession and were created on or after January 1, 2011, related to and/or concerning the Tennessee General Assembly's enactment

authorizing the use of current and retired faculty and staff identification cards issued by Tennessee's public postsecondary educational institutions as accepted forms of voter identification under the voter ID law, but not student identification cards issued by private and public postsecondary educational institutions.

- (13) All documents, communications and/or electronically stored information – including but not limited to electronic mail – which are within the University of Tennessee and/or a UT institution's custody, control and/or possession and were created on or after January 1, 2000, related to, concerning, and/or reflecting any instances of fabricating and/or forging a Tennessee public or private college or university student identification card on or after January 1, 2000 and any reasons the ID cards were fabricated or forged, including but not limited to any use of a fabricated or forged Tennessee public or private college or university student identification card to cast a ballot in an election in the State of Tennessee on or after January 1, 2000.

**Any responsive electronically stored information – including but not limited to electronic mail – shall be produced to Plaintiffs' counsel either by electronic mail or by mailing a CD to Plaintiffs' counsel. Any responsive documents and/or other communications may be produced to Plaintiffs' counsel on a CD as well.**

**Place:**
Not applicable. Plaintiffs' counsel strongly prefer that the University of Tennessee produce these documents by e-mail or by mailing a CD to undersigned Plaintiffs' counsel.

**Date and Time:**
By no later than Wednesday August 5, 2015 at 5:00 p.m.

---

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

DATE: July 1, 2015

Respectfully submitted,

DOUGLAS S. JOHNSTON, JR. (No. 5782)
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
djohnston@barrettjohnston.com

*Attorney for Plaintiffs*

cc:
Jon Sherman*
Fair Elections Legal Network
1825 K St. NW, Suite 450
Washington, DC 2006
Telephone: (202)248-5346
jsherman@fairelectionsnetwork.com
*Admitted *Pro Hac Vice* to Practice in U.S. District Court for the Middle District of Tennessee

*Attorney for Plaintiffs*

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2015, a copy of this subpoena was served by electronic transmission and/or U.S. Mail, postage prepaid, to the following:

Janet M. Kleinfelter
Ryan A. Lee
Steve Hart
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Tel: (615) 741-3521
Fax: (615) 532-6951
janet.kleinfelter@ag.tn.gov
ryan.lee@ag.tn.gov
steve.hart@ag.tn.gov

*Attorneys for Defendants*

DOUGLAS S. JOHNSTON, JR. (No. 5782)
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
djohnston@barrettjohnston.com

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* University of Tennessee
on *(date)* 7/1/2015 .

☑ I served the subpoena by delivering a copy to the named individual as follows: Personal Service on General Counsel
_____ on *(date)* 7/1/15 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 7/1/2015

_____ (218)
Server's signature

Charles Hocker Process Server
Printed name and title

P.O. Box 3863 Knoxville, TN 37927
Server's address

Additional information regarding attempted service, etc.:

Catherine S. Mizell
General Counsel

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).